IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEWIS BENJAMIN KNIGHT,** *Petitioner-pro se* | : CIVIL ACTION : : NO. 18-661 |
| v. | : |
| **ERIC TICE,** *et al.* *Respondents* | : : |

# ORDER

**AND NOW**, this 11th day of June 2018, upon consideration of the pleadings and record herein, and after careful and independent consideration of the *Report and Recommendation* ("R&R") submitted by United States Magistrate Judge Timothy R. Rice ("Magistrate Judge Rice"), [ECF 9],[1] to which no objections were filed,[2] it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**.
2. Petitioner's petition for a writ of *habeas corpus* is **DENIED**.
3. There is no probable cause to issue a certificate of appealability.

The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO, J.**
*Judge, United States District Court*

---

[1] On February 14, 2018, Petitioner Lewis Benjamin Knight ("Petitioner") filed the underlying *pro se* petition for a writ of *habeas corpus* (the "Petition") in which he argues that his trial counsel was constitutionally ineffective in failing to file a direct appeal. [ECF 1]. On November 29, 2016, this case was referred to Magistrate Judge Caracappa pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.1.IV(c), for an R&R. [ECF 2]. On May 18, 2018, Magistrate Judge Rice issued an R&R recommending that the Petition be denied on the grounds that Petitioner's ineffective assistance claim lacked merit. [ECF 9]. On that same day, Petitioner was sent a copy of the R&R with a Notice advising him that any party had 14 days to file timely objections to the R&R (the "Notice"), [ECF 9-2]. As of the date of this Order, Petitioner has not filed any objections to the R&R. [ECF 10].

[2] Because no objections to the R&R have been filed, this Court's review of the R&R is under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] substantial rights, and (3) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). After a thorough consideration and review of the record and the R&R, this Court finds no error was committed and, therefore, adopts the R&R in its entirety.